Filed 11/21/24  P. v. Bolian CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B335032 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA154765) |
| v. | |
| BRUCE LARAY BOLIAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Carol J. Najera, Judge.  Affirmed.

Maxine Weksler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

* * * * * * * * * *

In 2022, defendant and appellant Bruce Laray Bolian was charged with the June 2021 murder of Roy Harris (Pen. Code, § 187, subd. (a); count 1) and being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 2). It was alleged defendant personally used and discharged a firearm in the commission of the murder (§ 12022.5, subd. (a)). It was also alleged defendant had suffered two prior convictions for violent or serious felonies within the meaning of the "Three Strikes" law: a robbery in 2001 and voluntary manslaughter in 2011.

At defendant's first trial, the jury convicted defendant of being a felon in possession of a firearm but was unable to reach a verdict on the murder charge. In the second trial, defendant was acquitted of murder.

Defendant admitted his two prior felony convictions for purposes of being a felon in possession and also admitted they qualified as strike priors.

Defendant was sentenced to prison for four years: a two-year midterm, doubled due to the prior strikes. (Pen. Code, § 667, subd. (e)(2)(C), § 1170.12, subd. (c)(2)(C) [defendant's current offense was not a violent or serious felony so midterm was doubled].) The court also imposed a consecutive eight-month term for defendant's parole violation in superior court case No. TA154804. The court waived fines and fees. As for presentence custody credits, defendant asked for an award pursuant to section 4019. The court rejected defendant's request, finding he was only entitled to 20 percent conduct credits. The court awarded 1,036 total days (864 actual, 172 conduct) of presentence custody credits.

This appeal followed.

2

We appointed appellate counsel to represent defendant. Defendant's appointed counsel, Maxine Weksler, filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised.  The *Wende* brief included a declaration from Ms. Weksler in which she explained that she advised defendant she would be filing a *Wende* brief, forwarded the brief and the record to defendant, advised him of his right to file a supplemental brief and his right to discharge her as his attorney.  Ms. Weksler also stated her availability to brief, upon request, any issues we may have following our independent review of the case.  Ms. Weksler further noted defendant was released from prison on June 1, 2024, and that she was looking into filing a motion in the trial court to apply defendant's "excessive custodial credits" to dismiss or reduce the period of his postrelease supervision.

Defendant did not file a supplemental brief.

We have examined the entire record of proceedings submitted to this court and are satisfied that appointed counsel fully complied with her responsibilities.  We find no arguable appellate issues.  (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, J.


WE CONCUR:


STRATTON, P. J.        WILEY, J.

3